UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAY BROTHERS ENTERPRISES, INC.,)<br>an Illinois Corporation,          )<br>        )<br>    **Plaintiff,**        )<br>        )<br>**v.**          )<br>        )<br>**JOSEPH PARENTE, DAWN PARENTE,)**<br>**PROVENCAL CONSTRUCTION**    )<br>**COMPANY, an Illinois Corporation**    )<br>        )<br>    **Defendants.**      )  | **Case No.:** |

## VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND OTHER RELIEF

NOW COMES, Plaintiff, KAY BROTHERS ENTERPRISES, INC. ("Kay Brothers"), and as and for its Verified Complaint for Copyright Infringement and Other Relief states:

## COMMON ALLEGATIONS

### Jurisdiction, Parties, and Venue

1.      This Verified Complaint alleges copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* ("Copyright Act"), in addition to other claims based on Illinois' statute and the common law. This Court has subject matter jurisdiction over this dispute because it arises under the laws of the United States of America.

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) and 1400(a) because the copyright infringement and other wrongful acts giving rising to these claims occurred in this district, and because defendants are located and reside in this district.

3.      Defendant Joseph Parente ("Parente") is a resident of Burr Ridge, Illinois. Mr. Parente is the owner of certain real property located at 8734 Johnston Road, Burr Ridge, Illinois

1

60527. Joseph Parente is the spouse of Defendant Dawn Parente, who upon information and belief, also owns the real property located at 8734 Johnston Road, Burr Ridge, Illinois 60527.

4.    Defendant Provencal Construction Company ("Provencal") is a corporation licensed and doing business in the Illinois. Provencal is acting as the general contractor for Parente and is constructing a single family residence at 8734 Johnston Road, Burr Ridge, Illinois 60527 ("Johnston Residence").

5.    Plaintiff, Kay Brothers Enterprises, Inc. ("Kay Brothers"), is an Illinois corporation doing business in the State of Illinois. Kay Brothers is in the business of building unique custom homes in the Chicagoland area. Kay Brothers owns all rights, title, and interest in certain custom building plans and the revisions thereto. A copy of the original custom building plans ("First Work") is attached hereto as Exhibit A. A copy of the building plans as revised for the Johnston Residence ("Second Work") are attached hereto as Exhibit B.

6. On December 16, 2015, the United States Copyright Office issued certificates of registration for Kay Brothers' copyright in the Second Work.. Attached hereto as Exhibit C is a copy of Kay Brothers' official Certificates of Registration, numbered VAu 1-228-614 and VAu 1-228-569, for the Second Work under the Seal of the U.S. Copyright Office.

7.    R.A. Mifflin Architects ("Mifflin") is the author of the First Work and the Second Work. Mifflin is not a party to the litigation. On or about June 7, 2002, Mifflin assigned all of its rights, title, and interest of the First Work to Kay Brothers. A copy of that assignment is attached hereto as Exhibit D. On or about December 15, 2015, Mifflin memorialized its assignment of the First Work and assigned all rights, title and interest of the Second Work to Kay Brothers. A copy of the Memorandum of Assignment executed on December 15, 2015 is attached hereto as Exhibit E.

<u>Creation of the First Work</u>

8.     Sometime in 2002, Kay Brothers commissioned Mifflin to author, design and prepare unique architectural plans and accompanying blue prints for Kay Brothers' use in constructing a residence to be located at 6679 Lee Court, Burr Ridge, Illinois. Pursuant to the same, Mifflin created the First Work and, in consideration of payment received, assigned all ownership and copyrights of the First Work to Kay Brothers.

9.     Kay Brothers never constructed the First Work.

<u>Parente Negotiations</u>

10.     Sometime in 2002, Bob Kajmowicz ("Bob Kay"), one of Kay Brothers' principals, spoke to Parente about constructing a custom residence. As part of those discussion, Bob Kay showed Parente the First Work. Parente expressed his interest in the First Work and his appreciation for the design. However, Parente opted to construct a different residence.

11.     Sometime in 2014, Parente approached Kay Brothers and inquired whether it would build the First Work at 8734 Johnston Road, Burr Ridge, Illinois, in a lot he purchased adjacent from his current residence. Parente requested that the Kay Brothers build the same at 8734 Johnston Road, Burr Ridge, Illinois 60527.

12.     Kay Brothers informed Parente that Mifflin together with Kay Brothers created the First Work and that the First Work could be revised for the 8734 Johnston Road address and Parente's and Dawn Parente's personal preferences.

13.     On November 11, 2014, Kay Brothers, Parente, and Mifflin met regarding the construction of the Johnston Residence and modifications to the First Work.

14.     Mifflin drafted a proposal to identifying the costs for the revisions and noted that "the original plans were prepared for Kay Builders." On December 9, 2014, Parente executed a

3

copy of Mifflin's proposal. A copy of Mifflin's proposal executed by Parente is attached hereto as <u>Exhibit F</u>.

15.     Parente received a copy of Mifflin's proposal. Mifflin was retained to revise the First Work. Ultimately, Mifflin revised the First Work, thereby creating the Second Work as a derivation of the First Work.

16.     On April 16, 2015, the Second Work was submitted to the Village of Burr Ridge for all applicable building permits. The Village of Burr Ridge approved the Second Work and provided a building permit numbered 15-035.

17.     Contemporaneous with the permitting of the Second Work, Kay Brothers, Parente, and Dawn Parente negotiated contract terms for the construction of the Second Work. The drafted contract called for base payment of $4,180,000.00 to Kay Brothers from Parente and Dawn Parente.

18.     However, Kay Brothers, Dawn Parente, and Parente never came to terms on the contract due to, among other things, Parente's insistence on the inclusion of a penalties clause.

19.     At the time Kay Brothers parted ways with the Parentes, Kay Brothers had performed preliminary construction ("Preliminary Construction") with the expectation that the parties would consummate a contract for the construction of the Second Work. Kay Brothers installed a construction fence at the Johnson Residence, installed waste servicing, had the property surveyed, and paid $1,000.00 for a building permit application. To perform the Preliminary Construction, Kay Brothers performed work reasonably valued at $5,254.00.

20.     After contract negotiations had broken down, John Kajmowicz, one of the principals of Kay Brothers, e-mailed Parente stating, "be advised that the current plans you have in your possession for 8734 Johnston Road, Burr Ridge, IL are the sole property of Kay Bros.

any use of the same is strictly prohibited." A copy of Kay Brothers' email to Parente is attached hereto as Exhibit G.

21.    On August 13, 2015, Parente informed the Village of Burr Ridge that Provencal would be his new general contractor for the construction of the Johnston Residence.

22.    Upon information and belief, Provencal, Parente, and Dawn Parente contracted for the construction of the Second Work as the Johnston Residence. Upon information and belief, Parente and Dawn Parente instructed Provencal to build the Second Work and directed them to make copies of the Second Work to accomplish the same, despite lacking ownership in the copyrights of the Second Work or receiving warning from Kay Brothers' prohibiting the use of the Second Work.

23.    From August 13, 2015 forward, Provencal has acted to build the Second Work and construct the Johnston Residence. Prior to commencing construction, Provencal was made aware that the Second Work, permitted by the Village of Burr Ridge, belonged to the Kay Brothers.

24.    Neither Provencal nor Parente has submitted any building plans for permitting to the Village of Burr Ridge. Only the Second Work has been permitted as permit No. 15-035. Provencal and Parente are constructing the Second Work, which is owned and copyrighted exclusively by Kay Brothers, as the Johnston Residence.

25.    Upon information and belief, Parente would consult with and received advice from an individual named Ron Vari regarding certain aspects of the construction at the Johnston Residence. From time to time, Ron Vari would act and communicate on behalf of Parente. On August 17, 2015, Ron Vari, at the direction of Parente, e-mailed Mifflin. The subject heading of that email is "**RE: final payment for revisions to Kay builder plans.**" The e-mail to Mifflin

contained the following content, "Hi Bob spoke to Joe he indicated that **he would like a release from the Kay brothers** indicating that **Joe now has ownership of the prints** and he would be happy to pay the balance." A true and correct copy of that e-mail is attached hereto as Exhibit H.

26.     Mifflin responded to the August 17, 2015 email stating, "Ron, The $500 is the balance remaining for revisions as requested by Joe to existing Kay Builder Plans. The changes are complete and a permit was issued. The final payment is due. **As far as Joe's [Parente] request for a release of the plans from the Kay brothers, they are the property of Kay brothers,** I have nothing to say about that. **You should contact them regarding the rights to the plans.**" A copy of that e-mail is attached as Exhibit I.

27.     Kay Brothers never released its ownership, title, and rights to the First Work or the Second Work to any person or entity.

28.     On July 17, 2015, Kay Brothers, through counsel, demanded that Parente return the Second Work and payment for the Preliminary Construction. That demand was sent by certified mail and was returned unsigned for. That same demand was sent to Parente's law office address via U.S. Mail. Kay Brothers never received a response to their demand. A copy of the demand is attached hereto as Exhibit J.

29.     Provencal continues to build the Johnston Residence using the Second Work. Attached hereto as Group Exhibit K contains photographs of the ongoing construction of the Johnston Residence as of October 16, 2015 and December 17, 2015. The construction is pursuant to building permit number 15-035, the same permit issued per Kay Brothers' submission of the Second Work.

30.     Upon information and belief, Provencal and Parente obtained access to Kay Brothers' Second Work through the Village of Burr Ridge.

31.     Upon information and belief, Provencal and Parente, or, Provencal at the direction of Parente, have copied the Second Work and provided the same to third parties for purposes of constructing the Johnston Residence.

<u>Kay Brothers' Copyrights in the Second Work</u>

32.     At all times relevant herein, Kay Brothers owned all rights, title, and interest in and to the copyright of the First Work and Second Work, and has complied in all respects with the provisions of the copyright laws of the United States' Copyright Act.  Kay Brothers has a valid and enforceable copyright in the Second Work, within the meaning of the Copyright Act. The First Work is an original work of authorship; the Second Work is a derivative work of the First Work. The First Work and Second Work are pictorial and architectural works (technical drawings) under the meaning of the Copyright Act. See Exhibit C.

33.     Kay Brothers derive substantial income from the construction of unique, custom built luxury homes in and around the Chicagoland area. The proceeds from the construction of said luxury homes, such as the Johnston Residence, support Kay Brothers and its principals.

34.     Notwithstanding that Parente, Dawn Parente, and Provencal lack any rights to use or benefit from Kay Brothers' copyrighted Second Work, the Johnston Residence currently being constructed by Provencal will be substantially similar, if not identical, to the unique, luxury residence set forth in the First Work and Second Work.

35.     On information and belief, Parente, Dawn Parente, and Provencal have created or have directed the creation of numerous illicit copies of the Second Work which are being used by third parties in the ongoing construction of the Johnston Residence.

36.     Provencal's, Parente's, and Dawn Parente's acts have been and are without Kay Brothers' consent.

7

37.     Provencal's and Parente's unlawful copying of the design of the Second Work, including the Johnston Residence's overall form, arrangement, composition of spaces and design elements, constitute willful violations of Kay Brothers' exclusive rights in and to their copyrighted works under the Copyright Act, §§§§ 106, 113, 120, and 501.

38.     Provencal and Parente's aforesaid wrongful acts are greatly and irreparably damaging to Kay Brothers and will continue to damage Kay Brothers unless restrained by this Court; wherefore Kay Brothers are without an adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

39.     Kay Brothers restate paragraphs 1-38 as if fully set forth herein.

40.     Kay Brothers are the owners of the copyrights in the Second Work. See Exhibit C.

41.     Pursuant to §106 of the Copyright Act, Kay Brothers have a number of exclusive rights to do and authorize certain acts with respect to the Second Work, including, but not limited to:

      a.  Reproduce the Second Work in copies;

      b.  Prepare derivative works;

      c.  Distribute copies of the Second Work.

42.     Pursuant to 17 U.S.C. § 501, "[a]nyone who violated any of the exclusive rights of the copyright owner as providing by section [] 106 …. is an infringer of the copyright … ." *Id.*

43.     Parente, Dawn Parente and Provencal have infringed Kay Brothers' Copyrights in the Second Work by, *inter alia*:

      a.  Reproducing the Second Work without Kay Brothers' permission;
      b.  Causing the Second Work to be displayed publicly;
      c.  Distributing copies of the Second Work to Parente and Provencal, and third parties, including the subcontractors for the construction of the Johnston Residence without Kay Brothers' permission; and
      d.  Using Kay Brothers' Second Work to construct the Johnston Residence.

44.     Pursuant to 17 U.S.C. § 504, Kay Brothers is entitled to recover their actual damages and any additional profits of Provencal.

45.     Provencal and Parented damaged and continued to damage Kay Brothers by their infringement of Kay Brothers' copyrights.

WHEREFORE, the Plaintiff, KAY BROTHERS' ENTERPRISES, INC., respectfully prays that this Court enter judgment in its favor and against the above captioned defendants and:

(a)     Award Kay Brothers money damages in an amount equal to Plaintiff's actual damages, plus any additional profits from the infringement of its copyright in the Second Work, pursuant to 17 U.S.C. § 504;

(b)     Enjoining Provencal Construction Company and Joseph Parente and all of their agents, employees, successors, and assigns from using, reproducing, preparing derivative works of, and distributing copies of the Second Work pursuant to 17 U.S.C. §502;

(c)     Enjoining Provencal Construction Company and Joseph Parente and all of their agents, employees, successors, and assigns to impound and destroy all copies of the Second Work pursuant to 17 U.S.C. §502;

(d)     Granting such other and further relief as the Court deems appropriate and just.

## COUNT II – UNJUST ENRICHMENT

46.     Kay Brothers restates paragraphs 1-38 as if fully set forth herein.

47.     Provencal has retained the benefit of the Second Work unjustly by contracting to build and building the Second Work as the Johnston Residence in exchange for compensation from Parente.

9

48.     Parente and Dawn Parente have retained the benefit of the Second Work unjustly by contracting with Provencal to build the Second Work as the Johnston Residence and by realizing the intellectual property set forth in the Second Work.

49.     Neither Provencal, Parente, nor Dawn Parente has permission to use the Second Work.

50.     Kay Brothers owns the exclusive rights to the Second Work.

51.     Kay Brothers has been harmed by the foregoing acts of Provencal, Parente and Dawn Parente because it has been deprived of its exclusive rights in the Second Work and the profits to be derived from the construction of the same.

WHEREFORE, the Plaintiff, KAY BROTHERS' ENTERPRISES, INC., respectfully prays that this Court enter judgment in its favor and against the above captioned defendants in an amount greater than $50,000.00 and to be proven at trial.

## COUNT III – CONVERSION

52.     Kay Brothers restates paragraphs 1-38 as if fully set forth herein.

53.     Kay Brothers has an absolute immediate right to possess the Second Work.

54.     Parente, Dawn Parente, and Provencal wrongfully assumed dominion and control over Kay Brothers' Second Work.

55.     Kay Brothers has demanded the return of the Second Work. Parente has not complied with the demand or caused Provencal to comply with the demand.

56.     Kay Brothers has been damaged in the value of the Second Work and the profits to be realized from the same.

10

WHEREFORE, the Plaintiff, KAY BROTHERS' ENTERPRISES, INC., respectfully prays that this Court enter judgment in its favor and against the above captioned defendants in an amount greater than $50,000.00 and to be proven at trial.

### COUNT IV – QUANTUM MERUIT

57.     Kay Brothers restate paragraphs 1-38 as if fully set forth herein.

58.     Kay Brothers performed the Preliminary Construction for the benefit of Parente and performed the Preliminary Construction with the expectation of being compensated for the same.

59.     Parente and Dawn Parente never compensated Kay Brothers any sums for the Preliminary Construction.

60.     Parente and Dawn Parente retained the benefit of the Preliminary Construction supplied by the Kay Brothers, despite knowing that the Preliminary Construction was performed non-gratuitously and for their benefit.

61.     Parente and Dawn Parente's continued retention of the benefit of the Preliminary Construction without compensation to Kay Brothers is unjust.

WHEREFORE, the Plaintiff, KAY BROTHERS' ENTERPRISES, INC., respectfully prays that this Court enter judgment in its favor and against DAWN PARENTE and JOSEPH PARENTE in an amount greater than $50,000.00 and to be proven at trial.


Respectfully submitted,

MOMKUS McCLUSKEY

By: _____
        Patrick R. Boland

## VERIFICATION

Under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: _1-7-16_

Kay Brothers Enterprises, Inc., by its _SEC._
John Kajmowicz

Patrick R. Boland (ARDC 6312380)
James F. McCluskey
Momkus McCluskey, LLC
1001 Warrenville Road, Ste. 500
Lisle, IL 60532
630-434-0400/630-434-0444 fax
Attorneys for Plaintiff, Kay Brothers Enterprises, Inc.
*We do not accept service by e-mail (only courtesy copies).*
W:\6000_9900\7181.130595 Kay Bros\Pleadings\Complaint.docx

12