UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAY BROTHERS ENTERPRISES, INC., an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH PARENTE, DAWN PARENTE, PROVENCAL CONSTRUCTION COMPANY, an Illinois Corporation, <br><br> Defendants. <br> ─────────────────────── <br> JOSEPH PARENTE and DAWN PARENTE, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT MIFFLIN, d/b/a R.A MIFFLIN ARCHITECTS, <br><br> Third-Party Defendant. | No. 16 C 387 <br><br> Judge Sara L. Ellis |

# OPINION AND ORDER

After Plaintiffs Kay Brothers Enterprises ("Kay Brothers") sued Defendants and Third Party Plaintiffs Joseph and Dawn Parentes for copyright infringement, conversion, quantum meruit, and unjust enrichment following the Parentes' construction of a custom residence using plans allegedly owned by Kay Brothers, the Parentes counter-sued Third Party Defendant Robert Mifflin, d/b/a R.A. Mifflin Architects, ("Mifflin") alleging that Mifflin breached the Parentes' implied non-exclusive license to use Mifflin's architectural plans to build their custom home when he transferred his rights to the plans to Kay Brothers Enterprises, Inc. ("Kay Brothers")

and omitted and misrepresented material information during his contract discussion with the Parentes. The Parentes allege that Mifflin's actions delayed the completion of the construction of their home and precipitated Kay Brothers' lawsuit against the Parentes. The Parentes bring third-party claims against Mifflin for breach of contract (Count I), indemnification (Count II), and violation of the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"), 815 Ill. Comp. Stat. 505/2 (Count III), which Mifflin now moves to dismiss [43] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants in part and denies in part the motion. Because the Parentes allege the existence of a valid agreement and a breach of that agreement, the Court denies the motion with respect to Count I. Because there is no right to indemnification for copyright infringement, however, the Court dismisses Count II with respect to that claim; nonetheless, Count II survives with respect to the indemnification for Kay Brothers' conversion and unjust enrichment claims against the Parentes because the claim is not premature. The Court denies the motion with respect to Count III because Mifflin fails to adequately present an argument as to why the Parentes' claim fails to satisfy Federal Rule of Civil Procedure 9(b).

## BACKGROUND[1]

In 2014, Joseph Parente contacted Kay Brothers, a custom home building company, about building a custom home on a lot owned by the Parentes at 8734 Johnston Road, Burr Ridge, Illinois ("Johnston Residence"). On November 11, 2014, the Parentes met with Kay Brothers and Mifflin to discuss the proposed construction.

---

[1] The facts in the background section are taken from the third-party complaint, and documents incorporated by reference therein, and are presumed true for the purpose of resolving the motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

On December 9, 2014, Joseph Parente and Mifflin agreed Mifflin would modify a set of architectural plans he had previously produced for Kay Brothers, this time to be used for construction of the Johnston Residence. The written agreement included a list of fees Joseph Parente would pay to Mifflin and the steps Mifflin would take to modify the original plans to suit the Johnston Residence. Joseph Parente paid Mifflin all payments required by the agreement and Mifflin completed the modifications to the plans and delivered them to the Parentes. At this point, Mifflin granted the Parentes an implied non-exclusive license to utilize the plans to construct the Johnston Residence.[2]

Subsequently, in early 2015, the Parentes and Kay Brothers failed to come to terms on a contract to complete the construction of the Johnston residence and ended their relationship. The Parentes then hired a different construction company, Provencal Construction Company, to complete construction using the modified plans.

On December 15, 2015, Mifflin assigned all rights to the original and the modified plans to Kay Brothers. Mifflin did not disclose to Kay Brothers that he had previously provided the Parentes with a license to use the modified plans to construct the Johnston Residence. The document memorializing Mifflin's assignment to Kay Brothers noted that Mifflin had previously transferred his interest in the original plans to Kay Brothers in 2002, even though Mifflin and Kay Brothers did not memorialize the 2002 transfer at the time, nor had Mifflin disclosed the alleged 2002 transfer to the Parentes.

On January 1, 2016, Kay Brothers filed suit against the Parentes and Provencal Construction Company alleging copyright infringement, conversion, quantum meruit, and unjust

---

[2] Mifflin has not challenged the existence of the license in his motion, therefore, the Court assumes its existence for purposes of deciding this motion.

enrichment. The Parentes filed the instant third-party complaint against Mifflin on March 22, 2016.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case. *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

## ANALYSIS

I.  **Breach of Contract (Count I)**

The Parentes allege that Joseph Parente and Mifflin entered into an agreement to modify a set of existing architectural plans to be used for the construction of the Johnston Residence. To state a claim for a breach of contract under Illinois law a party must allege "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967, 351 Ill. App. 3d 752, 286 Ill. Dec. 734 (2004). Mifflin argues that the Parentes have failed to meet the first element: "the existence of a valid and enforceable contract," and therefore, the Court must dismiss this claim. Mifflin also argues that the Parentes fail to state a claim because they have not alleged which specific provision of the contract Mifflin breached. The Court disagrees with both of these arguments.

The Parentes allege that on December 9, 2014, Joseph Parente and Mifflin entered into an agreement to have Mifflin prepare the modified plans for the construction of the Johnston Residence. In support of this allegation, the Parentes reference Exhibit F of the Kay Brothers' complaint against the Parentes, *see* Doc. 1 & Doc. 1-1, which they allege is the agreement between Joseph Parente and Mifflin. Mifflin argues that these allegations are insufficient because they ask the Court to "assume: a) that there was an offer made and; b) that it was accepted; c) that consideration was provided; d) the contract had definite and certain terms; and e) what the Third Party Plaintiff's alleged damages are other than 'actual.'" Doc. 42 at 3–4. Mifflin's list contains the elements of a breach of contract claim that the Parentes must prove to ultimately prevail, however, the Parentes need not allege facts in support of every element on

that list to survive a motion to dismiss. *See Taylor v. Cook Cty. Sheriff's Office*, No. 13-CV-01856, 2015 WL 1428920, at *4 (N.D. Ill. Mar. 26, 2015) ("[A] federal complaint, even one asserting a state law cause of action, need not expressly plead every element of that cause to state a claim for relief.") (citing *Christensen v. Cty. of Boone*, 483 F.3d 454, 466 (7th Cir. 2007)) (collecting cases). The Parentes' allegation that Joseph Parente entered into an agreement with Mifflin, coupled with the reference to the previously submitted document purported to be the agreement, is sufficient to put Mifflin on notice of the basis for the Parentes' claim and provide him with an opportunity to investigate and defend against it. *See id*. (breach of contract claim sufficiently alleged with reference to the contract and alleged breach of that agreement).

Mifflin also argues that the alleged breach is of an implied term and, therefore, the Parentes do not identify which provision of the contract Mifflin breached. Provisions to a contract may be express or implied. *All. for Water Efficiency v. Fryer*, No. 14 C 115, 2014 WL 5423272, at *6 (N.D. Ill. Oct. 22, 2014) ("[A] contract includes not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensable to effectuate the intention of the parties and as arise from the language of the contract and the circumstances under which it is made.") (citing *Sacramento Navigation Co. v. Salz*, 273 U.S. 326, 47 S. Ct. 368, 71 L. Ed. 663 (1927)). A party may bring a claim for breach of contract for breach of an implied provision. *See Stefanich, McGarry, Wols & Okrei, Ltd. v. Hoeflich*, 632 N.E.2d 1064, 1068, 260 Ill. App. 3d 758, 198 Ill. Dec. 453 (1994) (recognizing a claim for breach of an implied agreement to share legal fees); *Wang v. Williams*, 797 N.E.2d 179, 182, 343 Ill. App. 3d 495, 277 Ill. Dec. 832 (2003) (recognizing a claim for breach of the implied provision for the return of a security deposit). The Parentes allege that Mifflin breached an implied provision, the implied non-exclusive license to use the plans to construct the Johnston Residence, and allege

6

that Mifflin breached the provision when he assigned his rights to Kay Brothers. Therefore, the Parentes adequately plead a breach of contract claim, and the Court denies the motion to dismiss Count I.[3]

## II.     Indemnification (Count II)

The Parentes seek indemnification from Mifflin for the potential liability they face arising from the Kay Brothers' claims against the Parentes for copyright infringement, conversion, and unjust enrichment. The Parentes allege that they have an implied right to indemnification from Mifflin by virtue of the agreement between the parties. Mifflin moves to dismiss the indemnification claim arguing that there is no right to contribution arising from copyright infringement and that the Parentes prematurely seek indemnity for Kay Brothers' claims.

Mifflin argues that there is no right to contribution (or indemnification) in a copyright case, citing *Equity Builders & Contractors, Inc. v. Russell, Jr.*, 406 F. Supp. 2d 882 (N.D. Ill. 2005). The Parentes concede that there is no right to contribution in a copyright case but argue they seek indemnification, which is distinct from contribution. *See Va. Sur. Co. v. N. Ins. Co. of N.Y.*, 866 N.E.2d 149, 159, 224 Ill. 2d 550, 310 Ill. Dec. 338 (2007) (recognizing the distinction between contribution and indemnity).

In *Donovan v. Robbins*, the Seventh Circuit held that "[w]here contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the

---

[3]    The Court notes that it has questions about whether a party who has provided an implied non-exclusive license to use copyrighted materials breaches that license by subsequently transferring his rights to the copyright to another party. Case law dealing with implied non-exclusive licenses evaluates them as affirmative defenses to copyright infringement claims and not as an affirmative basis on which to seek damages in a breach of contract claim. *See, e.g., I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) ("[T]he existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement."); *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 888 (N.D. Ill. 2014) ("An implied license is an affirmative defense to a claim of copyright infringement."). However, Mifflin has not raised this issue in his motion to dismiss; therefore, the Court declines to consider it further at this time.

right of contribution are invariably treated as questions of federal rather than state law." *Donovan v. Robbins*, 752 F.2d 1170, 1179 (7th Cir. 1984). Courts in this district and around the country have extended this concept to include indemnification as well. *See, e.g.*, *Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998) ("A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."); *Kudlicki v. MDMA, Inc.*, No. 05 C 2589, 2006 WL 1308617, at *3 (N.D. Ill. May 10, 2006). Thus, a party can only bring an indemnification claim in a copyright infringement case if Congress affirmatively created such a right, either expressly or implicitly, or if there is such a right under the federal common law. *Doherty*, 151 F.3d at 1131. Numerous district courts that have considered this issue have found that no such right to indemnification exists in the statute or federal common law. *See, e.g., Elektra Entm't Grp., Inc. v. Santangelo*, No. 06 Civ. 11520, 2008 WL 461536, *2 (S.D.N.Y. Feb. 15, 2008) ("[N]o. . . right [to indemnification or contribution] exist[s] under either the Copyright Act or federal common law"); *Pure Country Weavers, Inc. v. Bristar, Inc.*, 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006) ("[N]o right of indemnification was affirmatively created . . . by Congress in the Copyright Act, and . . . this is not one of the 'limited situations' in which the Court should formulate federal common law to create such a right."). The Parentes cite no cases in which a court created such a right and the Court has not found any. The Court concludes, therefore, that while indemnification and contribution are distinct legal remedies, there is no right to either remedy in a copyright infringement case, and thus dismisses the claim for indemnification for copyright infringement.[4]

---

[4] Mifflin has not challenged the availability of indemnification for the conversion and unjust

Mifflin also argues that the indemnification claim is premature because an indemnity claim under Illinois law does not accrue until there has been a judgment or settlement. *Guzman v. C.R. Epperson Construction Inc.*, 752 N.E.2d 1069, 1075, 196 Ill. 2d 391, 256 Ill. Dec. 827 (2001) (citing *Anixter Bros., Inc. v. Centr. Steel & Wire Co.*, 463 N.E.2d 913, 917, 123 Ill. App. 3d 947, 79 Ill. Dec. 359 (1984)). When the claim accrues, however, is a wholly different matter than when a claim is properly brought, as the *Guzman* court noted in the sentence immediately preceding the one Mifflin cites: "Illinois law allows the third-party indemnity claim to be filed before it accrues, in order to promote settlement of all claims in one action." *Guzman*, 196 Ill. 2d at 400. The Court finds, therefore, that remaining claims for indemnification for the conversion and unjust enrichment claims are not premature.

In sum, the Court dismisses the claim for indemnification for the copyright infringement claim and denies the motion to dismiss the indemnification claim for the conversion and unjust enrichment claims.

## III. Illinois Consumer Fraud and Deceptive Business Practices Act (Count III)

The Parentes allege that Mifflin violated the ICFA by entering into the agreement with Joseph Parente and failing to disclose that he had assigned all rights and interests in the original plans to Kay Brothers and by representing that he had authority to enter into the agreement with Joseph Parente to modify the plans. The Parentes allege that these misrepresentations and omissions were deceptive and fraudulent and occurred in the course of Mifflin's commercial

---

enrichment claims; therefore, the indemnification claim survives with respect to the potential liability from those claims. The Court notes that other district courts have found that where liability for claims is necessarily premised on a copyright infringement claim, indemnification is similarly unavailable. *See Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086, 1099 (C.D. Cal. 2011). The parties have not raised this issue; thus, the Court declines to consider it further at this time.

dealings with the Parentes in violation of the ICFA. Mifflin moves to dismiss the ICFA claim for failure to meet the heightened pleading requirements of Rule 9(b).

Mifflin specifically challenges the ICFA claim based on the allegations made in paragraphs 12, 28, and 29 of the third-party complaint, arguing that because these allegations are based on information and belief, the ICFA claim must fail. This is incorrect. "When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). A claim cannot satisfy Rule 9(b) if it is filed on information and belief. *Id.* at 442 (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). This rule is not ironclad, however; one can raise allegations based on information and belief if "(1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides the grounds for his suspicions." *Id.* at 443 (citing *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992)).

Mifflin insufficiently develops his argument for the Court to grant him relief on this claim. The argument is merely two paragraphs, cites only one case, and provides no substantive argument. Rather than explain why the fact that the Parentes made three allegations based on information and belief dooms their ICFA claim, Mifflin simply argues that the mere use of the phrase "information and belief" is fatal to the claim. The Court has no obligation to do the research and construct legal arguments for a party and declines to do so here. *Head Start Family Educ. Program, Inc. v. Coop. *922 Educ. Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir. 1995). Therefore, the Court denies the motion to dismiss the ICFA claim.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Mifflin's motion [43] to dismiss. The Court denies the motion with respect to Counts I, and III, and grants in part and denies in part the motion with respect to Count II.

Dated: October 3, 2016

                                        SARA L. ELLIS
                                        United States District Judge